# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 BRETT M. GASKILL**
**United States Army, Appellant**

ARMY 20110028

Headquarters, III Corps and Fort Hood
Jacqueline Emanuel, Military Judge
Colonel Phillip N. Foster, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA (on brief); Colonel Kevin F. Boyle, JA; Major Jacob D. Bashore, JA (on specified issue); Lieutenant Colonel Jonathan F. Potter, JA; Major Jacob D. Bashore, JA (on reply brief to specified issue).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Catherine L. Brantley, JA; Captain Bradley M. Endicott, JA; Captain Edward J. Whitford, JA (on brief); Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain Samuel Gabremariam, JA (on specified issue).

30 May 2014

-----------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
-----------------------------------------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of failing to go to his appointed place of duty, two specifications of absence without leave, one specification of reckless driving, and five specifications of larceny in violation of Articles 86, 111, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 911, 921 (2006) [hereinafter UCMJ].  The military judge also convicted appellant of one specification of failing to go to his appointed place of duty as a closely related offense of absence without leave in violation of Article 86, UCMJ, 10 U.S.C. § 886.  The military judge sentenced appellant to a bad-conduct discharge, confinement for twelve months, and to forfeit $978.00 pay per month for twelve months.  The convening authority

approved only so much of the sentence as provided for a bad-conduct discharge, confinement for six months and forfeiture of $978.00 pay per month for six months. The convening authority credited appellant with 177 days of confinement credit.

On 12 August 2013, we issued an opinion in this case wherein we set aside and dismissed Specification 2 of Charge II and affirmed the remaining findings of guilty. We then reassessed the sentence in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, and affirmed the approved sentence. *See United States v. Gaskill*, ARMY 20110028, 2013 WL 4451066 (Army Ct. Crim. App. 13 Aug. 2013) (sum. disp.),

On 21 August 2013, appellant asked this court to reconsider our opinion. Appellant primarily based this request on this court's alleged failure to consider appellant's reply brief to the specified issue and our alleged failure to distinguish appellant's case from *United States v. Hassell*, ARMY 20110634, 2012 WL 2225605 (Army Ct. Crim. App. 13 June 2012) (sum.disp.).

We granted Appellant's request for reconsideration, but otherwise denied relief by leaving undisturbed our decision to set aside and dismiss Specification 2 of Charge II and affirming the remaining findings of guilty. We again reassessed the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *Sales* and *Moffeit*, to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, and affirmed the approved sentence.

Appellant petitioned our superior court for relief. Pursuant to its 27 January 2014 order, our superior court, citing to *United States v. Lubasky*, 68 M.J. 260 (C.A.A.F. 2010), granted relief and set aside the findings of guilty to Specifications 2, 3 and 4 of Charge V. Our superior court affirmed the remaining findings and returned the record to The Judge Advocate General of the Army who in turn has remanded the case to our court. In remanding the case, our superior court gave this court the choice between "either dismiss[ing] Specifications 2, 3 and 4 of Charge V and reassess[ing] the sentence based on the affirmed findings, or [ordering] a rehearing on the affected specifications and the sentence."

In choosing the former course of action, we are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of the circumstances presented by appellant's case, and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape or exposure which might cause us pause in reassessing appellant's

sentence. Second, appellant was sentenced by a court-martial consisting of a military judge alone. Third, we find the nature of the remaining offenses captures the gravamen of the original specifications. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

Accordingly, we therefore DISMISS Specifications 2, 3 and 4 of Charge V. In reassessing the sentence, based on the noted errors and the entire record, we AFFIRM only so much of the sentence that provides for a bad-conduct discharge, confinement for four months and forfeiture of $978.00 pay per month for four months. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court